**STATE OF MINNESOTA, by its Department of Public Service,
Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,
Defendants,
(and)
Chicago, Milwaukee, and St. Paul and Pacific Railroad Company,
Intervening Defendant.**

No. 3–73–Civ–213.

United States District Court,
D. Minnesota,
Third Division.

Oct. 3, 1973.

Warren Spannaus, Atty. Gen., Jonathan H. Morgan, Sol. Gen., and Richard L. Gill, Sp. Asst. Atty. Gen., State of Minnesota, St. Paul, Minn., for plaintiff.

Thomas E. Kauper, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and Robert G. Renner, U. S. Atty., Minneapolis, Minn., for defendant United States.

Fritz R. Kahn, Gen. Counsel, and Theodore C. Knappen, Atty., I. C. C., Washington, D. C., for defendant I. C. C.

Stuart W. Rider, Jr., Rider, Bennett, Egan, Johnson & Arundel, Minneapolis, Minn., for intervening defendant Chicago, Milwaukee, St. Paul and Pacific Railroad Co.

Before HEANEY, Circuit Judge, and DEVITT and LORD, District Judges.

## MEMORANDUM and ORDER

PER CURIAM.

The single issue in this appeal from an Interstate Commerce Commission order permitting abandonment of a seven-mile stretch of railroad in southern Minnesota is whether the hearing officer committed prejudicial error in denying plaintiff's counsel opportunity to examine notes used by railroad witnesses in testifying. We consider the ruling to be erroneous but not prejudicial and therefore dismiss the complaint.

The State of Minnesota challenges the order [1] of the Interstate Commerce Commission permitting the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (Milwaukee) to abandon its railroad line between Hollendale Junction and Rock Island Junction and to abandon operation over trackage owned by the Chicago, Rock Island and Pacific Railroad Company (Rock Island) between Hollendale and Maple Island, all located in Freeborn County, Minnesota.

Jurisdiction is conferred by 49 U.S.C. § 17(9), 5 U.S.C. § 706 and 28 U.S.C. §§ 1336, 2284, and 2321–2325. Plaintiff has exhausted its administrative remedies. 49 C.F.R. § 1100.101(2). The matter is before a three-judge court empanelled pursuant to 28 U.S.C. §§ 2284 and 2325.

The Milwaukee filed its application for abandonment on November 12, 1971. Hearings were held at Albert Lea, Minnesota on April 27 and 28, 1972. Plaintiff appeared under authority of 49 C.F.R. § 1121.5(b). Raymond Delgado and Sons, Willchemco, Gulf Farm Center, Inc., the United Transportation Union and the Brotherhood of Locomotive Engineers also appeared as protestants.

Milwaukee produced three witnesses in support of its contention that the public convenience and necessity best would be served by permitting abandonment. Although witnesses Bruce Daniels and E. C. Thompson are alleged to have repeatedly referred to notes during their testimony, plaintiff's request to inspect such materials for cross-examination was denied.

The hearing officer, now called an Administrative Law Judge, issued his recommended report approving the abandonment on August 7, 1972. Although he recognized that denying an opponent the opportunity to inspect writings used by a witness to refresh his recollection was probably erroneous, he concluded that the effect of this ruling need not be reached in his decision. See Recommended Report, Certificate and Order, p. 9, footnote 3. The protestants filed exceptions and the matter then was considered by Division 3 of the Interstate Commerce Commission. Division 3 held that the Administrative Law Judge had not abused his discretion when he refused plaintiff access to the notes to which witnesses Daniels and Thompson had allegedly referred during their testimony. It found substantial evidence in the record to support the requested abandonment, concurred in the conclusions and findings of the Administrative Law Judge, and ordered the issuance of an appropriate certificate permitting abandonment. The Commission stayed the effective date of its order until August 1, 1973.

Plaintiff, through its Department of Public Service, commenced this action on July 20, 1973. Subsequently, it sought an order restraining the Interstate Commerce Commission from enforcing its order until such time as a judicial hearing could be held. The court denied the petition for an injunction but temporarily restrained the Milwaukee from removing the tracks.

Milwaukee's motion to intervene under Rule 24 F.R.Civ.P. was granted on July 30, 1973.

The record made at the hearing shows that the area served by Milwaukee in

---

1. Chicago, Milwaukee, St. Paul and Pacific Railroad Company—Abandonment between Hollendale Junction and Rock Island Junction, Freeborn County, Minnesota—ICC Finance Docket No. 26908 (May 26, 1973).

Freeborn County is rural in character and devoted primarily to agriculture. There are few residents. On the north-south rail line, there is only one non-agency station located at South Hollendale, which has no population. The farm and warehouse of Delgado and Sons, a potato producer and processor, are situated near this station. Although no other rail carrier serves South Hollendale, the Rock Island has a station four miles north at Hollendale which is manned by an agent paid jointly by Milwaukee and Rock Island. There is a fertilizer plant at Rock Island Junction. Hollendale, Rock Island Junction and Maple Island will continue to be served by the Rock Island, even if Milwaukee is permitted to abandon operation over this portion of trackage. Hollendale has 287 residents, Maple Island has 90.

The line of railroad from Hollendale Junction to Rock Island Junction was built in 1926. Although various agriculture commodities and implements were carried over this line in the past, present traffic is restricted to fertilizer and potatoes. Freight service is ordinarily provided on an as-needed basis. No passenger service is available.

Due to declining traffic and increased costs, Milwaukee continues to operate this line at a deficit. In 1969, with 213 cars and 7,338 tons handled, a net loss of $8,327 was incurred; in 1970, with 95 cars and 3,082 tons, $6,537 was lost; and in 1971 with 76 cars and 2,345 tons, the deficit was $7,485. Counsel for the Milwaukee state that since the hearing, carloadings have further dwindled and that 66 cars were handled in 1972 and only five cars have thus far been requested in 1973. Maintenance has been held to a minimum in recent years and Milwaukee officials state that substantial expenditures would have to be made to rehabilitate the line to insure safe operations. The Administrative Law Judge found the net salvage value to be $2,100.

It is not disputed that Milwaukee is a marginal railroad. System-wide it incurred deficits of more than $11 million in 1969 and 1970, and a deficit greater than $27 million in 1971, with a $1.1 million dollar loss showing in the latter year after fixed charges were deducted from operating revenues.

In sum, the Milwaukee proposed to abandon an unprofitable operation which showed no realistic prospects for increased freight activity in the foreseeable future. Alternative shipping arrangements are available to those few patrons now using the line. Delgado and Sons, the sole shipper without rail service at its plant should abandonment be authorized, has other rail service within a few miles as well as motor carrier service.

On these facts in the record, the Administrative Law Judge found the burdens on interstate commerce to be greater than the adversity likely to be suffered by the shippers involved, and concluded that Milwaukee should be permitted to abandon this line. Division 3 of the Commission adopted and affirmed his findings.

 We turn now to the claimed prejudice occasioned by the Administrative Law Judge's ruling denying opposing counsel the opportunity to inspect memoranda allegedly used by two of the Milwaukee's witnesses. It is the general rule that opposing counsel should be afforded the right to inspect papers used by a witness in aid of his testimony while on the stand. McCormick, Law of Evidence, § 9, III Wigmore on Evidence (3rd ed.) § 762, Fifth Ave.-Fourteenth St. Corp. v. Commissioner, 147 F.2d 453, 458 (2nd Cir. 1944), Taylor v. United States, 19 F.2d 813, 818 (8th Cir. 1927) (Stone, Cir. J., concurring). The 3rd Division of the Commission in its final order admitted as much. Decision, Certificate and Order, p. 1. However, the Division found that the evidentiary rulings of the Administrative Law Judge denying plaintiff an opportunity to inspect materials allegedly used during their testimony by certain Milwaukee witnesses, even if erroneous, were not

prejudicial and did not constitute an abuse of discretion. Decision, Certificate and Order, p. 3. Upon review of the transcript, exhibits and briefs submitted herein, we agree.

Plaintiff has been unable to point to any specific prejudice suffered by it because of the Administrative Law Judge's ruling and we can find none. Plaintiff's counsel claims that the ruling was erroneous as a matter of law and entitles it to a new hearing before the Interstate Commerce Commission, but he does not suggest what evidence would be offered in support of a different ruling by the Commission or what purpose this would serve.

The evidence through testimony and exhibits was strong and convincing that traffic on this segment of the Milwaukee was little used and was declining markedly with no likelihood of new traffic, that the cost of operation exceeds the revenue by substantial amounts, and is steadily increasing, and that continued operation of the line would require substantial outlays for rehabilitation of the line.

It is difficult to see how the weight of this factual evidence could be mimimized even if plaintiff's counsel were permitted, as he should have been, to look at the notes apparently used by the witnesses. Even if the testimony of these witnesses were disregarded, the remaining oral testimony and the supporting exhibits received without objection, would support the findings and conclusions reached by the Examiner and the Commission. There was no substantial evidence offered by plaintiff in rebuttal to the essentially factual and financial evidence submitted by the Milwaukee. The only specific evidence offered in opposition was that the potato shipper who was the principal user of the line would be obliged to use either motor transportation or a rail line about four miles from his farm. The Commission balanced the competing interests and ruled in favor of the applicant. This was a permissible conclusion for it to draw.

We conclude that the Administrative Law Judge's evidentiary ruling occasioned no prejudice to plaintiff and that the order of the Commission authorizing abandonment of the segment of rail line involved was supported by substantial evidence in the record.

The complaint is dismissed.